ORIGINAL

1  HUGHES HUBBARD & REED LLP
   DANIEL H. SLATE, State Bar No. 78173
2  PAUL M. SMITH, State Bar No. 78242
   ALEX E. SPJUTE, State Bar No. 229796
3  350 South Grand Avenue, 36th Floor
   Los Angeles, California 90071-3442
4  Telephone: (213) 613-2800
   Telecopier: (213) 613-2950
5  Email: slate@hugheshubbard.com

6  JON H. LIEBERG, State Bar No. 82324
   JON H. LIEBERG, A.P.L.C.
7  41911 Fifth Street, Suite 300
   Temecula, California 92590
8  Telephone: (951) 699-6600
   Telecopier: (951) 699-6616
9  Email: jon@iinet.com

10 Attorneys for John Firestone and
   HMI Group, Inc. f/k/a HUB Management, Inc.
11

```
┌─────────────────────────────┐
│            FILED            │
│                             │
│         JUL 23 2007         │
│                             │
│   CLERK, U.S. BANKRUPTCY COURT │
│   CENTRAL DISTRICT OF CALIFORNIA│
│   BY            Deputy Clerk │
└─────────────────────────────┘
```

12              UNITED STATES BANKRUPTCY COURT

13     CENTRAL DISTRICT OF CALIFORNIA — RIVERSIDE DIVISION

14
   JOHN FIRESTONE, an individual, and          Adversary Proceeding No. _____
15 HMI GROUP, INC., a Texas
   corporation, on behalf of
16 INFRASTRUCTURE SERVICE CO.,                 Bankruptcy Case No. 06-90000 MJ
   LLC f/k/a OCEAN ATLANTIC                    Chapter 7
17 DEVELOPMENT, LLC, debtor in
   possession,                                 **COMPLAINT FOR:**
18                                                 **(1) AVOIDANCE OF PRE-PETITION**
                                               **FRAUDULENT TRANSFERS,**
19              Plaintiff,                         **(2) AVOIDANCE OF PRE-PETITION**
                                               **PREFERENCES,**
20         v.                                      **(3) BREACH OF FIDUCIARY DUTY,**
                                               **AND**
21 OCEAN ATLANTIC SERVICE                          **(4) AN ACCOUNTING**
   CORPORATION, a Virginia
22 corporation; OCEAN ATLANTIC
   CHICAGO LLC, a Delaware limited
23 liability company; OCEAN ATLANTIC
   TEMECULA LLC, a California limited
24 liability company; MICHAEL J.
   FERRAGUTO, JR., an individual; JOHN
25 C. CARROLL, an individual; and DOES
   1 through 10, inclusive,
26
                Defendants.
27

28

---

COMPLAINT FOR (1) AVOIDANCE OF PRE-PETITION FRAUDULENT TRANSFERS, (2) AVOIDANCE OF
PRE-PETITION PREFERENCES, (3) BREACH OF FIDUCIARY DUTY, AND (4) AN ACCOUNTING
LA 596901_3.DOC

This adversary proceeding is filed by John Firestone and HUB Management (the "Creditors," and, with respect to the substance of the claims, the "Plaintiff"), by their attorneys, and on behalf of the representative of the estate of debtor Infrastructure Service Co., LLC f/k/a Ocean Atlantic Development, LLC (the "Debtor"), including any trustee appointed in this case (the "Trustee"). The Court has authorized the Creditors to commence this and other adversary proceedings in order to preserve claims the estate may have that may be affected by the implication of 11 U.S.C. § 546(a). Immediately after this complaint is filed, the Creditors will ask for a stay of any further prosecution pending the Trustee's investigation of the underlying facts and circumstances associated with the claims.

## INTRODUCTION

1.    This is a core adversary proceeding brought pursuant to sections 544(b)(1), 547(b), 548(a)(1), and 550 of title 11 of the United States Code for the avoidance and recovery of preferences and fraudulent transfers of the Debtor's property that were made to or for the benefit of defendants Ocean Atlantic Service Corporation ("OASC"), Ocean Atlantic Chicago LLC ("OA Chicago"), Ocean Atlantic Temecula LLC ("OA Temecula"), Michael J. Ferraguto, Jr. ("Ferraguto"), and John C. Carroll ("Carroll")(collectively, the "Ocean Atlantic Defendants").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.    This matter is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(F), (H).

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## PARTIES

5.    John Firestone is an individual residing in Texas.

6.    HMI Group, Inc., formerly known as HUB Management, Inc., is a corporation organized under the laws of the State of Texas with its principal place of business in Dallas, Texas.

7.    The Plaintiff is informed and believes, and on that basis alleges that at all times relevant, the Debtor was and is now (i) a limited liability corporation organized under the laws of the State of Delaware, (ii) doing business in the State of California, County of Riverside, and (iii) fully owned, directly or indirectly, by OASC, Ferraguto, and Carroll. The Debtor is a debtor in a bankruptcy case that was converted from Chapter 11 to Chapter 7 pursuant to an order entered on or about July 16, 2007, and is pending in this Court as case no. 06-90000 MJ (the "Bankruptcy Case").

8.    The Plaintiff is informed and believes, and on that basis alleges that at all times relevant, Ferraguto was and is now (i) an individual residing in Virginia, and (ii) the president and chief executive officer of the Debtor.

9.    The Plaintiff is informed and believes, and on that basis alleges that at all relevant times, Carroll was and is now (i) an individual residing in New Jersey and (ii) the executive vice president and chief financial officer of the Debtor.

10.    The Plaintiff is informed and believes, and on that basis alleges that at all relevant times, OASC was and is now (i) a corporation organized under the laws of the State of Virginia, (ii) doing business in the State of California, County of Riverside, (iii) the owner of all of the equity interest in the Debtor, and (iv) fully owned and controlled by Ferraguto and Carroll.

11.    The Plaintiff is informed and believes, and on that basis alleges that at all relevant times, OA Chicago was and is now (i) a limited liability corporation organized under the laws of the State of Delaware which received transfers (or a benefit therefrom) of the Debtor's property as alleged herein, and (ii) fully owned, directly or indirectly, by Ferraguto and Carroll.

12.    The Plaintiff is informed and believes, and on that basis alleges that at all relevant times, OA Temecula was and is now (i) a limited liability corporation organized under the laws of the State of California which received transfers (or a benefit therefrom) of the Debtor's property as alleged herein, and (ii) fully owned, directly or indirectly, by Ferraguto and Carroll.

13.    The Plaintiff does not know the true names of Does 1 through 10, inclusive (collectively, the "Doe Defendants"), and therefore sues them by these fictitious names. The Plaintiff is informed and believes, and on that basis alleges that at all relevant times, each of the

-2-

1  Doe Defendants was and remains now in some manner responsible for the events and happenings

2  alleged herein.  The Plaintiff will seek leave to amend the claims to allege the true identities of

3  the parties once those identities have been ascertained.

4    14.    The Plaintiff is informed and believes, and on that basis alleges that at all relevant

5  times, each of the Ocean Atlantic Defendants and Doe Defendants (collectively, the

6  "Defendants") was (i) an agent, servant, co-conspirator, or employee of the other Defendants in

7  doing the things alleged herein, (ii) acting within the course and scope of his, her or its authority

8  as an agent, servant, co-conspirator, or employee, and (iii) acting with the permission, consent,

9  and ratification of each of the other Defendants.

10    15.    All of the real property that is the subject of the allegations in this complaint is

11  located in Riverside County, California.

12                           **ALTER EGO ALLEGATIONS**

13

14    16.    The Plaintiff is informed and believes, and on that basis alleges that at all relevant

15  times, Ferraguto and Carroll were and are now (i) the sole equitable owners of the issued and

16  outstanding membership or stock interests in both the Debtor and OASC, and (ii) all of the

17  executive officers of the Debtor.

18    17.    The Plaintiff is informed and believes, and on that basis alleges that at all relevant

19  times, Ferraguto and Carroll dominated and controlled each of the Debtor, OASC, OA Chicago,

20  OA Temecula, and the Doe Defendants, to the extent that they were mere instrumentalities and

21  conduits of Ferraguto and Carroll that had no genuine separate existence.  Ferraguto and Carroll

22  regularly commingled and pooled the funds of their various companies with the "Ocean

23  Atlantic" appellation across the country, including the Debtor.  Ferraguto and Carroll themselves

24  referred to any and all of these entities as "Ocean Atlantic" in conversations and correspondence

25  with the Creditors, contractors, consultants and attorneys employed on behalf of the Debtor and

26  by other entities with the "Ocean Atlantic" appellation.  Ferraguto and Carroll used checks

27  written on the accounts of other "Ocean Atlantic" entities to pay the obligations of the Debtor.

28

COMPLAINT FOR (1) AVOIDANCE OF PRE-PETITION FRAUDULENT TRANSFERS, (2) AVOIDANCE OF
PRE-PETITION PREFERENCES, (3) BREACH OF FIDUCIARY DUTY, AND (4) AN ACCOUNTING
LA 596901_3.DOC

1    All of the "Ocean Atlantic" entities, including the Debtor, used the same stationery, with a

2    letterhead that stated merely "Ocean Atlantic."

3        18.    The Plaintiff is informed and believes, and on that basis alleges that at all relevant

4    times, Ferraguto and Carroll participated directly in the acts complained of herein, and caused

5    the Debtor, OASC, OA Chicago, OA Temecula, and the Doe Defendants to act as alleged herein.

6    Ferraguto and Carroll used the Debtor and the other Defendants as mere instrumentalities to

7    perpetrate a fraud upon the Debtor's creditors.

8        19.    Under the facts and circumstances here presented, to recognize the Debtor,

9    OASC, OA Chicago, OA Temecula, and the Doe Defendants as separate and independent would

10   sanction a fraud upon the Debtor's creditors and would promote injustice.

### FACTS APPLICABLE TO ALL CLAIMS

20.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor

commenced the Bankruptcy Case on July 15, 2004 (the "Petition Date").

21.    The Plaintiff is informed and believes, and on that basis alleges, that Ferraguto

and Carroll drained the Debtor's estate of assets prior to the Petition Date and lined their own

pockets, as well as the pockets of the other Defendants, with the Debtor's money.

22.    The Plaintiff is informed and believes, and on that basis alleges, that leading up to

the Petition Date, the Debtor transferred substantial sums to OA Chicago and OA Temecula.

23.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor,

willfully and intentionally, failed to identify on its Statement of Financial Affairs, dated August

3, 2004 (the "August 2004 SOFA"), any wire transfers made within one year of the Petition Date

from the Debtor to OA Chicago or OA Temecula, or any other Ocean Atlantic entities, as

creditors of the Debtor.  The August 2004 SOFA is attached hereto as Exhibit A.

24.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor,

in its testimony given at the hearing pursuant to 11 U.S.C. § 341, willfully and intentionally

misrepresented to the United States Trustee and others that the August 2004 SOFA was entirely

true, correct and accurate in every material respect, and that the Debtor had not transferred any of

-4-

its assets in the year prior to the Petition Date to OA Chicago or OA Temecula, or any other Ocean Atlantic entities, as creditors of the Debtor. To further underscore that misrepresentation, the Debtor filed an amended statement of financial affairs in September 2004 (the "September 2004 SOFA," and together with the August 2004 SOFA, the "2004 SOFAs") and continued to misrepresent and fail to disclose any of the transfers. The September 2004 SOFA is attached hereto as Exhibit B.

25.    After the Debtor had filed the September 2004 SOFA, the Plaintiff undertook discovery of the Debtor, and served, among other things, a document production request. The Debtor opposed the request, but was ordered to produce bank statements and other documents that disclosed substantial transfers that had not previously been disclosed. The Plaintiff is informed and believes, and on that basis alleges, that only after the Debtor recognized that the intentional omissions in the 2004 SOFAs had been discovered and revealed, further amended and revised the 2004 SOFAs by and through its Amended Statement of Financial Affairs, dated January 6, 2005 (the "January 2005 SOFA," and together with the 2004 SOFA's, the "SOFAs"). The January 2005 SOFA is attached hereto as Exhibit C.

26.    The January 2005 SOFA identifies sixteen wire transfers to OA Chicago, totaling $521,520, and fifteen wire transfers to OA Temecula, totaling $349,000, (collectively, and including any and all other not yet disclosed transfers to or amongst the Defendants, the "Transfers") in the nine months prior to the Petition Date.

27.    The Plaintiff is informed and believes, and on that basis alleges, that some of the Transfers were gratuitous and improper; for example, the Debtor made two separate transfers to OA Temecula in a single day, February 25, 2004, allegedly for deposits OA Temecula made on certain properties that have never been included by the Debtor as part of the Debtor's bankruptcy estate. On June 30, 2004 and July 1, 2004, the Debtor transferred funds to OA Temecula, allegedly for the payment of bills that, again, related at least in part to the properties that were not included by the Debtor as part of the Debtor's bankruptcy estate. When asked at deposition for an understanding of the basis for the Transfers, Carroll's testimony was not credible. That

COMPLAINT FOR (1) AVOIDANCE OF PRE-PETITION FRAUDULENT TRANSFERS, (2) AVOIDANCE OF
PRE-PETITION PREFERENCES, (3) BREACH OF FIDUCIARY DUTY, AND (4) AN ACCOUNTING
LA 596901_3.DOC

1    testimony was further evidence of the attempt by Ferraguto and Carroll to misrepresent the true

2    facts underlying the Transfers.

3    28.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor

4    also transferred substantial sums to OA Chicago, allegedly for "overhead expenses," about which

5    there was no information on the books of either the Debtor or OA Chicago.  Carroll has admitted

6    that such expenses should not have been paid by the Debtor, but should have been paid by OA

7    Chicago.  The Debtor concealed these transfers to OA Chicago and OA Temecula, totaling over

8    $870,000 in cash, and disclosed them for the first time in the January 2005 SOFA, six months

9    after the Petition Date.

10    29.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor

11    also willfully and intentionally encumbered its assets within one year of the Petition Date, with

12    the intent not to benefit the Debtor, but to line the pockets of the Defendants.

13    30.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor

14    has a 70% ownership interest in Ocean Atlantic/PFG-Southbury, LLC, and its assets.

15    31.    The Plaintiff is informed and believes, and on that basis alleges, that Ferraguto

16    and Carroll arranged and facilitated a loan from McClure Charitable Trust of not less than

17    $900,000, arranged for the funds to be deposited in their entirety into the OA Temecula bank

18    account, and secured the obligation to repay with a security interest in the Debtor's interest in

19    Ocean Atlantic/PFG-Southbury, LLC (the "McClure Loan").

20    32.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor

21    finalized the documents for the McClure Loan and therefore "closed" on the McClure Loan

22    transaction within one year prior to the Petition Date.

23    33.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor

24    willfully and intentionally kept the McClure Loan secret and failed to disclose the McClure Loan

25    in the SOFAs, and failed to disclose the fact that, by the McClure Loan, the Debtor had

26    encumbered its assets and transferred the value of its interest in Ocean Atlantic/PFG-Southbury,

27    LLC to OA Temecula.  The Plaintiff is informed and believes, and on that basis alleges, that the

28

COMPLAINT FOR (1) AVOIDANCE OF PRE-PETITION FRAUDULENT TRANSFERS, (2) AVOIDANCE OF
PRE-PETITION PREFERENCES, (3) BREACH OF FIDUCIARY DUTY, AND (4) AN ACCOUNTING
LA 596901_3.DOC

1   Debtor willfully and intentionally kept other transactions secret and failed to disclose them in the

2   SOFAs, all to the detriment of the Debtor.

3       34.     The Plaintiff currently has substantial claims pending against the Debtor,

4   Ferraguto, and Carroll.  It is not clear how those claims can be satisfied without the assets that

5   the Debtor gave away.

6                            **FIRST CLAIM FOR RELIEF**

7
        **(To Avoid Fraudulent Transfers Pursuant to 11 U.S.C. § 548 – Constructive Fraud)**
8

9       35.     The Plaintiff repeats each allegation set forth in paragraphs 1-34 above as though

10  fully set forth herein.

11      36.     The Plaintiff is informed and believes, and on that basis alleges, that the Debtor

12  made each of the transfers alleged herein, and other transfers as yet undisclosed, all within one

13  year before the Petition Date.

14      37.     The Plaintiff is informed and believes, and on that basis alleges, that each of the

15  transfers was made without the Debtor receiving a reasonably equivalent value in exchange for

16  such transfer.

17      38.     The Plaintiff is informed and believes, and on that basis alleges, that the Debtor

18  was insolvent when it made each of the transfers, or became insolvent as a result of making each

19  such transfer.

20      39.     The Plaintiff is informed and believes, and on that basis alleges, that when the

21  Debtor made each of the transfers, the Debtor was engaged in business or a transaction for which

22  its remaining property was an unreasonably small capital.

23      40.     The Plaintiff is informed and believes, and on that basis alleges, that when the

24  Debtor made each of the transfers, the Debtor intended to incur, or believed it would incur, debts

25  that it would be unable to pay as the debts matured.

26      41.     The Plaintiff is informed and believes, and on that basis alleges, that each of the

27  Defendants was either an initial transferee of each transfer alleged herein, the entity for whose

28

-7-

COMPLAINT FOR (1) AVOIDANCE OF PRE-PETITION FRAUDULENT TRANSFERS, (2) AVOIDANCE OF
PRE-PETITION PREFERENCES, (3) BREACH OF FIDUCIARY DUTY, AND (4) AN ACCOUNTING
LA 596901_3.DOC

benefit each such transfer was made, or an immediate or mediate transferee of the initial transferee.

42.    The Plaintiff is informed and believes, and on that basis alleges, that none of the Defendants accepted the transfers in good faith and without knowledge of the voidability of the same.  In fact, each of the Defendants accepted the transfers not in good faith and with knowledge that each such transfer is voidable.

43.    By virtue of the foregoing, each of the transfers constitutes avoidable fraudulent transfers pursuant to Bankruptcy Code § 548 and for which each of the Defendants is liable pursuant to Bankruptcy Code § 550.

## SECOND CLAIM FOR RELIEF

### (To Avoid Fraudulent Transfers Pursuant to 11 U.S.C. § 544 – Constructive Fraud)

44.    The Plaintiff repeats each allegation set forth in paragraphs 1-42 above as though fully set forth herein.

45.    By virtue of the foregoing, each of the transfers constitutes avoidable fraudulent transfers pursuant to Bankruptcy Code § 544 and for which each of the Defendants is liable pursuant to Bankruptcy Code § 550.

## THIRD CLAIM FOR RELIEF

### (To Avoid Fraudulent Transfers Pursuant to 11 U.S.C. § 548 – Actual Fraud)

46.    The Plaintiff repeats each allegation set forth in paragraphs 1-42 above as though fully set forth herein.

47.    The Plaintiff is informed and believes, and on that basis alleges, that the Debtor made each and every of the transfers alleged herein with actual intent to hinder, delay, or defraud the Debtor's creditors in that, inter alia:

a.    The transfers were made to and for the benefit of insiders:  Ferraguto and Carroll, as well as OASC, OA Chicago, and OA Temecula, through the common ownership of each of those companies and the Debtor by OASC, Ferraguto and Carroll.

1          b.     The Debtor retained control of the transferred property after the transfers

2  occurred, through its common ownership, with OA Chicago, and OA Temecula, by OASC,

3  Ferraguto and Carroll.

4          c.     The Debtor concealed the transfers by not disclosing them in any of the

5  SOFAs.

6          d.     Most of the transfers occurred during the pendency of litigation in which

7  claims for damages were asserted against the Debtor.

8          e.     The Debtor claims that it was insolvent as of the Petition Date, after

9  making each of the transfers.

10         f.     The value of the consideration received by the Debtor for its transfers, if

11  any, was not reasonably equivalent to the value of the assets transferred.

12     48.    By virtue of the foregoing, the transfers alleged herein constitute avoidable

13  fraudulent transfers pursuant to Bankruptcy Code § 548 and for which each of the Defendants is

14  liable pursuant to Bankruptcy Code § 550.

15                         **FOURTH CLAIM FOR RELIEF**

16

17          **(To Avoid Fraudulent Transfers Pursuant to 11 U.S.C. § 544 – Actual Fraud)**

18     49.    The Plaintiff repeats each allegation set forth in paragraphs 1-47 above as though

19  fully set forth herein.

20     50.    By virtue of the foregoing, each of the transfers constitutes avoidable fraudulent

21  transfers pursuant to Bankruptcy Code § 544 and for which each of the Defendants is liable

22  pursuant to Bankruptcy Code § 550.

23                         **FIFTH CLAIM FOR RELIEF**

24             **(To Avoid Preferences Pursuant to 11 U.S.C. § 547)**

25     51.    The Plaintiff repeats each allegation set forth in paragraphs 1-34 above as though

26  fully set forth herein.

27

28

COMPLAINT FOR (1) AVOIDANCE OF PRE-PETITION FRAUDULENT TRANSFERS, (2) AVOIDANCE OF
PRE-PETITION PREFERENCES, (3) BREACH OF FIDUCIARY DUTY, AND (4) AN ACCOUNTING
LA 596901_3.DOC

52.     The Plaintiff is informed and believes, and on that basis alleges, that each of the Transfers, and the McClure Loan, was made to OA Chicago and OA Temecula as purported creditors of the Debtor.

53.     The Plaintiff is informed and believes, and on that basis alleges, that each of the Transfers, and the McClure Loan, was made for a purported pre-existing debt.

54.     The Plaintiff is informed and believes, and on that basis alleges, that each of the Transfers, and the McClure Loan, was made while the Debtor purports to have been insolvent.

55.     The Plaintiff is informed and believes, and on that basis alleges, that each of the Transfers, and the McClure Loan, was made within either one year or ninety days prior to the Petition Date.

56.     The Plaintiff is informed and believes, and on that basis alleges, that each of the Transfers, and the McClure Loan, enabled OA Chicago or OA Temecula to receive more than it would receive if (i) the Bankruptcy Case were under Chapter 7, (ii) the transfer had not been made, and (iii) OA Chicago or OA Temecula received payment for such debt to the extent provided by the Bankruptcy Code.

57.     By virtue of the foregoing, each of the Debtor's wire transfers to OA Chicago and OA Temecula, and the McClure Loan, constitutes an avoidable preference pursuant to Bankruptcy Code § 547 and for which each of the Defendants is liable pursuant to Bankruptcy Code § 550.

## SIXTH CLAIM FOR RELIEF

### (For Breach of Fiduciary Duty Against Carroll, Ferraguto, and OASC)

58.     The Plaintiff repeats each allegation set forth in paragraphs 1-34 above as though fully set forth herein.

59.     Ferraguto and Carroll, as directors and officers of the Debtor, and OASC, as the controlling entity of the Debtor, each owed a fiduciary duty of loyalty and care to the Debtor.

60.     Ferraguto, Carroll, and OASC, both collectively and individually, directed the Debtor to commit the Transfers and the McClure Loan in an effort to remove resources from the Debtor's estate and preserve said resources for their own personal use and gain.

-10-

61. The Plaintiff is informed and believes, and on that basis alleges, that Ferraguto, Carroll, and OASC, by engaging in the conduct herein alleged, breached their fiduciary duty to the Debtor and placed their own interests above those of the Debtor.

62. As a direct and proximate result of Ferraguto, Carroll, and OASC's breach of fiduciary duty, the Debtor's estate has been damaged in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF

### (For an Accounting)

63. The Plaintiff repeats each allegation set forth in paragraphs 1-62 above as though fully set forth herein.

64. The Plaintiff is informed and believes, and on that basis alleges, that the amount drained from the Debtor's estate, as described herein, can only be ascertained by an accounting.

65. The Plaintiff is entitled to an accounting from the Defendants of every inter-company transaction and every other transaction that involved a transfer of property of the estate that benefited one or more of the Defendants, as set forth herein.

WHEREFORE, the Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

### ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF

1. For a judgment avoiding the fraudulent transfers and recovering the transferred properties or their value, plus prejudgment interest as allowed by law, for the Trustee;

### ON THE FIFTH CLAIM FOR RELIEF

2. For a judgment avoiding the preferences and recovering their value, plus prejudgment interest as allowed by law, for the Trustee;

### ON THE SIXTH CLAIM FOR RELIEF

3. For damages according to proof;

### ON THE SEVENTH CLAIM FOR RELIEF

4. For an accounting;

### ON ALL CLAIMS FOR RELIEF

-11-

5.    For costs of suit incurred herein; and

6.    For such other and further relief as may be just, proper and equitable.

Dated: July 20, 2007.

Respectfully submitted,

JON H. LIEBERG A.P.L.C.

HUGHES HUBBARD & REED LLP

By _____
Daniel H. Slate
Attorneys for the Creditors

-12-
COMPLAINT FOR (1) AVOIDANCE OF PRE-PETITION FRAUDULENT TRANSFERS, (2) AVOIDANCE OF
PRE-PETITION PREFERENCES, (3) BREACH OF FIDUCIARY DUTY, AND (4) AN ACCOUNTING
LA 596901_3.DOC

1

## DEMAND FOR JURY TRIAL

2

Pursuant to Federal Rule of Civil Procedure 38, the Plaintiff hereby demands a jury trial

3

of any issues in this action so triable.

4

5  Dated: July ___, 2007

6                                               Respectfully submitted,

7                                               JON H. LIEBERG A.P.L.C.

8                                               HUGHES HUBBARD & REED LLP

9

10                                          By _____

11                                               Daniel H. Slate
                                                 Attorneys for the Creditors

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-13-

Form 7
(9/00)

# United States Bankruptcy Court
### District of Delaware

In re   Infrastructure Service Company, LLC

Debtor(s)

Case No.   04-12037 (PJW)

Chapter   11

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|--------|---------------------------|
| $30,000.00 | OVERHEAD/MONTH - OCEAN ATLANTIC/PFG SOUTHBURY, LLC |
| $30,000.00 | G&A/MONTH |

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|--------|--------|
| $720,000.00 | OVERHEAD - TWO YEARS - OCEAN ATLANTIC/PFG SOUTHBURY, LLC |
| $720,000.00 | G & A/TWO YEARS - OCEAN ATLANTIC/PFG SOUTHBURY, LLC |

2

### 3. Payments to creditors

None  a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor,
☐   made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
     must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
     petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Alhadeff & Solar, LLP<br>43460 Ridge Park Drive<br>Temecula, CA 92590 | April 9, 2004; Legal Fees | $10,000.00 | $58,860.71 |
| Richard O. Haness | May 20, 2004 - Expense Report<br>June 17, 2004 - Fee<br>June 29, 2004 - Fee<br>June 29, 2004 - Expense Report | $16,459.25 | $0.00 |
| Bucilla Brooklyn Architecture | June 17, 2004 - Consulting Fees | $2,500.00 | $0.00 |
| Mashburn - Investors Mortgage | June 1, 2004 - Loan #437<br>June 30, 2004 - Loan #437 | $6,410.00 | $0.00 |
| Troesch - Investors Mortgage | July 1, 2004 - Loan #428 | $14,097.36 | $0.00 |
| Continental Realty Advisors | May 10, 2004 - Appraisal | $6,750.00 | $0.00 |
| Mashburn Contract - Deposits | April 17, 2004 - Extension of Entitlement Period<br>May 20, 2004 - Extension of Entitlement Period | $10,000.00 | $0.00 |
| Delaware Secretary of State | June 25, 2004 - Tax Year 2003 | $305.50 | $0.00 |
| National Corporate Research | June 23, 2004 - Registered Agent Fee | $150.00 | $0.00 |
| Allen Matkins Leck Gamble & Mallory LLP | July 15, 2004 | $27,459.23 | $0.00 |
| Blank Rome LLP<br>1201 Market Street<br>Suite 800<br>Wilmington, DE 19801 | July 14, 2004 - Retainer | $50,000.00 | $0.00 |
| Rutan & Tucker, LLP<br>611 Anton Boulevard<br>14th Floor<br>Costa Mesa, CA 92626-1998 | July 14, 2004 - $50,000.00 - Retainer<br>July 15, 2004 - $7,939.74 | $57,939.74 | $0.00 |

None  b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who
■   are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or
     not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| OCEAN ATLANTIC DEVELOPMENT, LLC V. JOHN F. FIRESTONE, ET AL., CASE NO. RIC 405259 | CONTRACT DISPUTE | SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, TEMECULA DIVISION | PENDING |

None ■ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■ b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None ■ List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

4

**8. Losses**

| None | |
|---|---|
| ■ | List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

| None | |
|---|---|
| ☐ | List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case. |

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Blank Rome LLP<br>1201 Market Street<br>Suite 800<br>Wilmington, DE 19801 | July 14, 2004 | $50,000.00 - Retainer |
| Rutan & Tucker, LLP<br>611 Anton Boulevard<br>14th Floor<br>Costa Mesa, CA 92626-1998 | July 14, 2004<br>July 15, 2004 | $57,939.74 - Retainer<br>($50,000.00) |

**10. Other transfers**

| None | |
|---|---|
| ■ | List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

**11. Closed financial accounts**

| None | |
|---|---|
| ☐ | List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) |

| NAME AND ADDRESS OF INSTITUTION | TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| BANK OF AMERICA<br>600 North Washington Street<br>Alexandria, VA 22314 | CHECKING | 44,038.00 AS OF JULY 8, 2004 |

5

**12. Safe deposit boxes**

None ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ■   If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ■   If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

**A-18**

6

None ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| OCEAN ATLANTIC/PFG SOUTHBURY, LLC | 42-1575431 | 1800 DIAGONAL ROAD SUITE 425 ALEXANDRIA, VA 22314 | REAL ESTATE DEVELOPMENT | BEGINNING OCTOBER 17, 2002 |

None ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

7

**19. Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within the two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| John Carroll<br>1800 Diagonal Road<br>Suite 425<br>Alexandria, VA 22314 | July 19, 2001 through Present |

None ■    b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ■    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

**20. Inventories**

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| OCEAN ATLANTIC SERVICE CORPORATION | MANAGER/OWNER | 100% Membership Interest |
| John Carroll<br>1800 Diagonal Road<br>Suite 425<br>Alexandria, VA 22314 | Executive Vice President,<br>Secretary & Treasurer | |

8

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Michael Ferraguto, President | President | |
| 1800 Diagonal Road | | |
| Suite 425 | | |
| Alexandria, VA 22314 | | |

**22 . Former partners, officers, directors and shareholders**

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

**25. Pension Funds.**

None ■   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  August 3, 2004 _____        Signature _____
                                                    John C. Carroll
                                                    Executive Vice President

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

B

NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

TITLE
President

NAME AND ADDRESS
Michael Ferraguto, President
1800 Diagonal Road
Suite 425
Alexandria, VA 22314

22 . Former partners, officers, directors and shareholders

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the
commencement of this case.

ADDRESS    DATE OF WITHDRAWAL
NAME

None
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year
immediately preceding the commencement of this case.

NAME AND ADDRESS    TITLE    DATE OF TERMINATION

23 . Withdrawals from a partnership or distributions by a corporation

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the
commencement of this case.

NAME & ADDRESS    AMOUNT OF MONEY
OF RECIPIENT,    DATE AND PURPOSE    OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR    OF WITHDRAWAL    VALUE OF PROPERTY

24. Tax Consolidation Group.

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the
commencement of the case.

NAME OF PARENT CORPORATION    TAXPAYER IDENTIFICATION NUMBER

25. Pension Funds.

None
■    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an
employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the
case.

NAME OF PENSION FUND    TAXPAYER IDENTIFICATION NUMBER

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct to the best of my knowledge, information and belief.

Date  August 3, 2004    Signature

John C. Carroll
Executive Vice President

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Best Case Bankruptcy

Software Copyright (c) 1996-2001 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

**A-22**

08/03/04  17:36 FAX 7032996199          OCEAN ATLANTIC                      ☐002

## United States Bankruptcy Court
### District of Delaware

In re    Infrastructure Service Company, LLC                    Case No.   04-12037 (PJW)
                                        Debtor

                                                                Chapter            11

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| Ocean Atlantic Service Corporation
1800 Diagonal Road
Suite 425
Alexandria, VA 22314 | | | 100% Membership Interest |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Executive Vice President of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date    August 3, 2004                         Signature
                                                John C. Carroll
                                                Executive Vice President

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§ 152 and 3571.

   0    continuation sheets attached to List of Equity Security Holders

Copyright (c) 1996-2000 - Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

Form 7
(12/03)

# United States Bankruptcy Court
### District of Delaware

In re   __Infrastructure Service Company, LLC__

Debtor(s)

Case No.   __04-12037 (PJW)__

Chapter   __11__

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| $30,000.00 | OVERHEAD/MONTH FOR MANAGEMENT OF OCEAN ATLANTIC/PFG SOUTHBURY, LLC |
| $30,000.00 | G&A/MONTH |

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $720,000.00 | OVERHEAD - TWO YEARS FOR MANAGEMENT OF OCEAN ATLANTIC/PFG SOUTHBURY, LLC |
| $720,000.00 | G & A/TWO YEARS |

2

**3. Payments to creditors**

None
☐　　a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Alhadeff & Solar, LLP<br>43460 Ridge Park Drive<br>Temecula, CA 92590 | April 9, 2004; Legal Fees | $10,000.00 | $58,860.71 |
| Richard O. Haness | May 20, 2004 - Expense Report - $3,459.25<br>June 17, 2004 - Fee - $5,000.00<br>June 29, 2004 - Fee - $5,000.00<br>June 29, 2004 - Expense Report - $3,000.00 | $16,459.25 | $0.00 |
| Bucilla Brooklyn Architecture | June 17, 2004 - Consulting Fees | $2,500.00 | $0.00 |
| Mashburn - Investors Mortgage | June 1, 2004 - Loan #437 | $6,410.00 | $0.00 |
| Troesch - Investors Mortgage | July 1, 2004 - Loan #428 | $14,097.36 | $0.00 |
| Continental Realty Advisors | May 10, 2004 - Appraisal | $6,750.00 | $0.00 |
| Mashburn Contract - Deposits | April 17, 2004 - Extension of Entitlement Period ($5,000.00)<br>May 20, 2004 - Extension of Entitlement Period ($5,000.00) | $10,000.00 | $0.00 |
| Delaware Secretary of State | June 25, 2004 - Tax Year 2003 | $305.50 | $0.00 |
| National Corporate Research | June 23, 2004 - Registered Agent Fee | $150.00 | $0.00 |
| Blank Rome LLP<br>1201 Market Street<br>Suite 800<br>Wilmington, DE 19801 | July 14, 2004 - Retainer | $50,000.00 | $0.00 |
| Rutan & Tucker, LLP<br>611 Anton Boulevard<br>14th Floor<br>Costa Mesa, CA 92626-1998 | July 14, 2004 - $50,000.00 - Retainer<br>July 15, 2004 - $7,939.74 | $57,939.74 | $0.00 |

None
■　　b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
☐   this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| OCEAN ATLANTIC DEVELOPMENT, LLC V. JOHN F. FIRESTONE, ET AL., CASE NO. RIC 405259 | CONTRACT DISPUTE | SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, TEMECULA DIVISION | PENDING |

None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
■   preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■   returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■   this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
■   preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
■   and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

4

### 8. Losses

None ■  List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Blank Rome LLP<br>1201 Market Street<br>Suite 800<br>Wilmington, DE 19801 | July 14, 2004 | $50,000.00 (RETAINER) |
| Rutan & Tucker, LLP<br>611 Anton Boulevard<br>14th Floor<br>Costa Mesa, CA 92626-1998 | July 14, 2004 ($50,000.00 RETAINER)<br>July 15, 2004 ($7,939.74 FEES) | $57,939.74 |

### 10. Other transfers

None ■  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

### 11. Closed financial accounts

None ☐  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| BANK OF AMERICA<br>600 North Washington Street<br>Alexandria, VA 22314 | CHECKING | $30,454.12 AS OF JULY 15, 2004 |

5

### 12. Safe deposit boxes

None    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year**
■       immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or
        depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
        filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None    List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the
■       commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both
        spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None    List all property owned by another person that the debtor holds or controls.
■

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None    If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor
■       occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate
        address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho,
■       Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the
        commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in
        the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous
or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to,
statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly
owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material,
pollutant, or contaminant or similar term under an Environmental Law

6

**None** ■ a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

**None** ■ b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

**None** ■ c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

**None** ☐ a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| OCEAN ATLANTIC/PFG SOUTHBURY, LLC | 42-1575431 | 1800 DIAGONAL ROAD SUITE 425 ALEXANDRIA, VA 22314 | REAL ESTATE DEVELOPMENT | BEGINNING OCTOBER 17, 2002 |

**None** ■ b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

7

**19. Books, records and financial statements**

None ☐   a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| John Carroll<br>1800 Diagonal Road<br>Suite 425<br>Alexandria, VA 22314 | July 19, 2001 through Present |

None ■   b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| John Carroll | 1800 Diagonal Road<br>Suite 425<br>Alexandria, VA 22314 |

None ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

**20. Inventories**

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|

None ■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY<br>RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|
| OCEAN ATLANTIC SERVICE CORPORATION | MANAGER/OWNER | 100% Membership Interest |
| John Carroll<br>1800 Diagonal Road<br>Suite 425<br>Alexandria, VA 22314 | Executive Vice President,<br>Secretary & Treasurer | |

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

**B-30**

09/21/04  16:29 FAX 7032996190      OCEAN ATLANTIC                    ☒ 003

NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

NAME AND ADDRESS                    TITLE          President
Michael Ferraguto, President       President
1800 Diagonal Road
Suite 425
Alexandria, VA 22314

22 . Former partners, officers, directors and shareholders

None    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the
☒       commencement of this case.

NAME                    ADDRESS                              DATE OF WITHDRAWAL

None    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year
☒       immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                DATE OF TERMINATION

23 . Withdrawals from a partnership or distributions by a corporation

None    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
☒       in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the
        commencement of this case.

NAME & ADDRESS                                                AMOUNT OF MONEY
OF RECIPIENT,                       DATE AND PURPOSE         OR DESCRIPTION AND
RELATIONSHIP TO DEBTOR              OF WITHDRAWAL            VALUE OF PROPERTY

24. Tax Consolidation Group.

None    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
☒       group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the
        commencement of the case.

NAME OF PARENT CORPORATION                          TAXPAYER IDENTIFICATION NUMBER

25. Pension Funds.

None    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an
☒       employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the
        case.

                                                    TAXPAYER IDENTIFICATION NUMBER
NAME OF PENSION FUND

**DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP**

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct to the best of my knowledge, information and belief.

Date  September 10, 2004              Signature
                                                John C. Carroll
                                                Executive Vice President

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037                    Best Case Bankruptcy

Form 7
(12/03)

# United States Bankruptcy Court
### District of Delaware

In re  Infrastructure Service Company, LLC _____  Case No.  04-12037 (PJW)
                                           Debtor(s)              Chapter  11

## STATEMENT OF FINANCIAL AFFAIRS - AMENDED

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None □

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE (if more than one) |
|---|---|
| $30,000.00 | OVERHEAD/MONTH FOR MANAGEMENT OF OCEAN ATLANTIC/PFG SOUTHBURY, LLC |
| $30,000.00 | G&A/MONTH |

**2. Income other than from employment or operation of business**

None □

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $720,000.00 | OVERHEAD - TWO YEARS FOR MANAGEMENT OF OCEAN ATLANTIC/PFG SOUTHBURY, LLC |
| $720,000.00 | G & A/TWO YEARS |

2

**3. Payments to creditors**

None  a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor,
☐    made within **90 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
      must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint
      petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Alhadeff & Solar, LLP 43460 Ridge Park Drive Temecula, CA 92590 | April 9, 2004; Legal Fees | $10,000.00 | $58,860.71 |
| Richard O. Haness | May 20, 2004 - Expense Report - $3,459.25 June 17, 2004 - Fee - $5,000.00 June 29, 2004 - Fee - $5,000.00 June 29, 2004 - Expense Report - $3,000.00 | $16,459.25 | $0.00 |
| Bucilla Brooklyn Architecture | June 17, 2004 - Consulting Fees | $2,500.00 | $0.00 |
| Mashburn - Investors Mortgage | June 1, 2004 - Loan #437 | $6,410.00 | $0.00 |
| Troesch - Investors Mortgage | July 1, 2004 - Loan #428 | $14,097.36 | $0.00 |
| Continental Realty Advisors | May 10, 2004 - Appraisal | $6,750.00 | $0.00 |
| Mashburn Contract - Deposits | April 17, 2004 - Extension of Entitlement Period ($5,000.00) May 20, 2004 - Extension of Entitlement Period ($5,000.00) | $10,000.00 | $0.00 |
| Delaware Secretary of State | June 25, 2004 - Tax Year 2003 | $305.50 | $0.00 |
| National Corporate Research | June 23, 2004 - Registered Agent Fee | $150.00 | $0.00 |
| Blank Rome LLP 1201 Market Street Suite 800 Wilmington, DE 19801 | July 14, 2004 - Retainer | $50,000.00 | $0.00 |
| Rutan & Tucker, LLP 611 Anton Boulevard 14th Floor Costa Mesa, CA 92626-1998 | July 14, 2004 - $50,000.00 - Retainer July 15, 2004 - $7,939.74 | $57,939.74 | $0.00 |
| Sarah Harvard Chill | 05/10/2004 - Deductible Donation | $1,000.00 | $0.00 |
| Richard Harness | 05/20/2004 - Land Developer - Expenses | $4,505.18 | $0.00 |
| Jeff Stone for Super | 05/26/2004 - Political | $1,000.00 | $0.00 |
| Capital One | 05/27/2004 - Visa Expenses. | $2,000.00 | $0.00 |
| Capital One | 06/07/2004 - Visa Expense | $500.00 | $0.00 |

3

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Eloise Brantley | 06/03/2004 - June Rent | $2,250.00 | $0.00 |
| G. Flanigan | 08/01/2004 - Garage Spec | $240.00 | $0.00 |
| Passport Repairs | 06/23/2004 - Automobile Expenses | $1,344.54 | $0.00 |
| CT Corporate Systems | 06/23/2004 - Corporate Do | $5,725.50 | $0.00 |
| Strategy Planning | 06/23/2004 - Westbury | $375.00 | $0.00 |
| The Hartford<br>P.O. Box 2907<br>Hartford, CT 06104 | 06/14/2004 - Insurance - Ocean Atlantic Chicago | $4,537.28 | $0.00 |
| Capital One | 06/18/2004 - Visa Expenses | $4,710.83 | $0.00 |
| Capital One | 06/18/2004 - Visa Expenses | $3,000.00 | $0.00 |
| GE Capital | 06/25/2004 - Office Expense | $280.86 | $0.00 |

None ☐ b. List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Ocean Atlantic Chicago | 09/30/2003 - Wire Transfer | $50,000.00 | $0.00 |
| Ocean Atlantic Temecula | 10/06/2003 - Wire Transfer | $60,000.00 | $0.00 |
| Ocean Atlantic Chicago | 10/06/2003 - Wire Transfer | $40,000.00 | $0.00 |
| Ocean Atlantic Chicago | 11/04/2003 - Wire Transfer | $10,000.00 | $0.00 |
| Ocean Atlantic Temecula | 11/12/2003 - Wire Transfer | $15,000.00 | $0.00 |
| Ocean Atlantic Temecula | 11/14/2003 - Wire Transfer | $25,000.00 | $0.00 |
| Ocean Atlantic Chicago | 11/25/2003 - Wire Transfer | $30,000.00 | $0.00 |
| Ocean Atlantic Temecula | 11/25/2003 - Wire Transfer | $5,000.00 | $0.00 |
| Ocean Atlantic Temecula | 12/03/2003 - Wire Transfer | $20,000.00 | $0.00 |
| Ocean Atlantic Chicago | 12/30/2003 - Wire Transfer | $60,000.00 | $0.00 |
| Ocean Atlantic Temecula | 01/12/2004 - Wire Transfer | $40,000.00 | $0.00 |
| Ocean Atlantic Temecula | 01/15/2004 - Wire Transfer | $50,000.00 | $0.00 |

4

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Christopher Ferraguto | 01/27/2004 - Temporary Help | $50.00 | $0.00 |
| Tom Ferraguto | 01/27/2004 - Temporary Help | $35.00 | $0.00 |
| Ocean Atlantic Chicago | 01/28/2004 - Wire Transfer | $60,000.00 | $0.00 |
| Ocean Atlantic Temecula | 01/29/2004 - Wire Transfer | $23,000.00 | $0.00 |
| Ocean Atlantic Chicago | 02/03/2004 - Wire Transfer | $30,000.00 | $0.00 |
| Ocean Atlantic Chicago | 02/10/2004 - Wire Transfer | $25,000.00 | $0.00 |
| Ocean Atlantic Service | 02/17/2004 - Wire Transfer | $1,800.00 | $0.00 |
| Ocean Atlantic Temecula | 02/18/2004 - Wire Transfer | $30,000.00 | $0.00 |
| Ocean Atlantic Chicago | 02/25/2004 - Wire Transfer | $40,000.00 | $0.00 |
| Ocean Atlantic Temecula | 02/25/2004 - Wire Transfer | $25,000.00 | $0.00 |
| Ocean Atlantic Temecula | 02/25/2004 - Wire Transfer | $15,000.00 | $0.00 |
| Ocean Atlantic Chicago | 03/02/2004 - Wire Transfer | $12,000.00 | $0.00 |
| Ocean Atlantic Chicago | 05/21/2004 - Wire Transfer | $20,000.00 | $0.00 |
| Ocean Atlantic Temecula | 05/21/2004 - Wire Transfer | $10,000.00 | $0.00 |
| Ocean Atlantic Chicago | 05/24/2004 - Wire Transfer | $1,520.00 | $0.00 |
| Mary Ann Ferraguto | 06/01/2004 - Contingent Fee | $10,000.00 | $0.00 |
| Ocean Atlantic Chicago | 06/03/2004 - Wire Transfer | $8,000.00 | $0.00 |
| Ocean Atlantic Chicago | 06/17/2004 - Wire Transfer | $5,000.00 | $0.00 |
| Ocean Atlantic Chicago | 06/18/2004 - Wire Transfer | $70,000.00 | $0.00 |
| Ocean Atlantic Temecula | 06/18/2004 - Wire Transfer | $5,000.00 | $0.00 |
| Mary Ann Ferraguto | 06/22/2004 - Contingent Fee | $1,500.00 | $0.00 |
| Ocean Atlantic Chicago | 06/30/2004 - Wire Transfer | $60,000.00 | $0.00 |
| Ocean Atlantic Temecula | 06/30/2004 - Wire Transfer | $15,000.00 | $0.00 |
| Ocean Atlantic Temecula | 07/01/2004 - Wire Transfer | $11,000.00 | $0.00 |
| John C. Carroll | 06/23/2004 - Expenses | $500.00 | $0.00 |

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankruptcy

5

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
☐    this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION PENDING |
|---|---|---|---|
| OCEAN ATLANTIC DEVELOPMENT, LLC V. JOHN F. FIRESTONE, ET AL., CASE NO. RIC 405259 | CONTRACT DISPUTE | SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE, TEMECULA DIVISION | PENDING |

None    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
■    preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■    returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■    this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately
■    preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None    List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary
■    and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions
aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by
either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

6

### 8. Losses

None ■
List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐
List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Blank Rome LLP 1201 Market Street Suite 800 Wilmington, DE 19801 | July 14, 2004 | $50,000.00 (RETAINER) |
| Rutan & Tucker, LLP 611 Anton Boulevard 14th Floor Costa Mesa, CA 92626-1998 | July 14, 2004 ($50,000.00 RETAINER) July 15, 2004 ($7,939.74 FEES) | $57,939.74 |

### 10. Other transfers

None ■
List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

### 11. Closed financial accounts

None ☐
List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| BANK OF AMERICA 600 North Washington Street Alexandria, VA 22314 | CHECKING | $30,454.12 AS OF JULY 15, 2004 |

7

**12. Safe deposit boxes**

None ■ List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■ List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■ List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ■ If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ■ If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

8

None
■
  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■
  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■
  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
☐
  a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

    If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the six years immediately preceding the commencement of this case.

    If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the six years immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NO. (EIN) | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| OCEAN ATLANTIC/PFG SOUTHBURY, LLC | 42-1575431 | 1800 DIAGONAL ROAD SUITE 425 ALEXANDRIA, VA 22314 | REAL ESTATE DEVELOPMENT | BEGINNING OCTOBER 17, 2002 |

None
■
  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

    The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or otherwise self-employed.

    *(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

9

**19. Books, records and financial statements**

None ☐    a. List all bookkeepers and accountants who within the **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS

John Carroll
1800 Diagonal Road
Suite 425
Alexandria, VA 22314

DATES SERVICES RENDERED
**July 19, 2001 through Present**

None ■    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME        ADDRESS        DATES SERVICES RENDERED

None ☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME

John Carroll

ADDRESS
1800 Diagonal Road
Suite 425
Alexandria, VA 22314

None ■    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS        DATE ISSUED

**20. Inventories**

None ■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY      INVENTORY SUPERVISOR

DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

None ■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY

NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

**21 . Current Partners, Officers, Directors and Shareholders**

None ■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS      NATURE OF INTEREST      PERCENTAGE OF INTEREST

None ☐    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| OCEAN ATLANTIC SERVICE CORPORATION | MANAGER/OWNER | 100% Membership Interest |
| John Carroll<br>1800 Diagonal Road<br>Suite 425<br>Alexandria, VA 22314 | Executive Vice President,<br>Secretary & Treasurer | |

Best Case Bankruptcy

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

01/06/05   15:11 FAX 7032996199        OCEAN ATLANTIC        ☑002

10

NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

NAME AND ADDRESS                    TITLE
Michael Ferraguto, President       President
1800 Diagonal Road
Suite 425
Alexandria, VA 22314

22. Former partners, officers, directors and shareholders

None   a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the
■      commencement of this case.

                                    ADDRESS                         DATE OF WITHDRAWAL
NAME

None   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year
■      immediately preceding the commencement of this case.

NAME AND ADDRESS                    TITLE                DATE OF TERMINATION

23. Withdrawals from a partnership or distributions by a corporation

None   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation
■      in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the
       commencement of this case.

                                                                   AMOUNT OF MONEY
                                                                   OR DESCRIPTION AND
NAME & ADDRESS              DATE AND PURPOSE                        VALUE OF PROPERTY
OF RECIPIENT,              OF WITHDRAWAL
RELATIONSHIP TO DEBTOR

24. Tax Consolidation Group.

None   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated
■      group for tax purposes of which the debtor has been a member at any time within the six-year period immediately preceding the
       commencement of the case.
                                                         TAXPAYER IDENTIFICATION NUMBER
NAME OF PARENT CORPORATION

25. Pension Funds.

None   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an
■      employer, has been responsible for contributing at any time within the six-year period immediately preceding the commencement of the
       case.
                                                         TAXPAYER IDENTIFICATION NUMBER
NAME OF PENSION FUND

DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto
and that they are true and correct to the best of my knowledge, information and belief.

Date  January 6, 2005                    Signature
                                              John C. Carroll
                                              Executive Vice President

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Software Copyright (c) 1996-2003 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

Best Case Bankrupt

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case |
| | : | |
| INFRASTRUCTURE SERVICE | : | |
| COMPANY, LLC | : | Case No. 04-12037 (PJW) |
| | : | |
| Debtor. | : | |

### CERTIFICATE OF SERVICE

I, *Brian L. Colborn*, certify that I am not less than 18 years of age, and that on January 7, 2005, I caused service of the *Second Amended Statement of Financial Affairs* to be made on the parties listed below in the manner indicated.

Under penalty of perjury, I declare that the foregoing is true and correct.

Dated: January 7, 2005

Brian L. Colborn

### BY HAND DELIVERY

William Harrington, Esquire
*Office of the United States Trustee*
844 King Street, Suite 2313
Wilmington, DE 19801

121241.01600/40149115v1

C-42